IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHERYL GALINDO, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.  SA-16-CV-267-XR |
| | § | |
| METROPITAN LLOYDS INS. COMPANY | § | |
| AND BEN SNEAD, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

On this date, the Court considered Plaintiff's Motion to Remand (docket no. 5).

### BACKGROUND

Plaintiff filed this lawsuit in County Court at Law Number 10, Bexar County, Texas alleging that her insurance claim for hail damage to her roof was improperly investigated and denied. The adjustor on her file, Ben Snead, valued the damage at $5,088.82. Plaintiff did not allege in her state court petition what dollar amount in damages she asserts is proper.

She brings a breach of contract claim against both defendants. In addition, she brings a claim for violation of Tex. Ins. Code section 542 (only against her insurer). She also brings claims against both defendants under the Texas DTPA and Texas Insurance Code section 541. Finally, she brings a claim that both defendants violated the duty of good faith and fair dealing.

In her prayer for damages, Plaintiff "requests only monetary relief in an aggregate amount of less than $100,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney fees." In addition, she seeks additional damages for knowing violations of the DTPA and exemplary damages for the alleged violation of the duty of good faith and fair dealing.

1

To further confuse the matter Plaintiff alleged in her petition that she "intends to conduct discovery in this case under Level I pursuant to Rule 190.2 of the Texas Rules of Civil Procedure.[1]

## ANALYSIS

### I.   Diversity Jurisdiction - generally

"A defendant can remove to federal court any civil action brought in state court over which the district court would also have had original jurisdiction. 28 U.S.C. § 1441(a). A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(a). The amount in controversy required by § 1332(a) is currently $75,000. *Id.* Any ambiguities are construed against removal and in favor of remand to state court. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (*citing Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)). The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper. *Id.* (citations omitted)."  *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013).

### II.   Amount in Controversy

On one hand it is difficult to believe that the Plaintiff is saying that the $5,088.82 was grossly deficient, she is entitled to more, plus an award of treble and exemplary damages and payment of attorney's fees, but the amount in controversy is less than $75,000.  That said, the burden is on the Defendant to demonstrate that jurisdiction exists and the amount in controversy has not yet been satisfied.

Of course, this is a temporary victory for the Plaintiff.  No doubt once this case is remanded, the Defendant will send discovery requests seeking an explanation from the Plaintiff as to what

---

[1] 190.2. Discovery Control Plan--Expedited Actions and Divorces Involving $50,000 or Less (Level 1) .

2

amount of damages she is claiming. If the amount is over $75,000 no doubt there will be another removal of this case.

### III.   Improper Joinder

"'[T]he test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, [restated,] there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant….' This Court's en banc opinion in Smallwood sets out a procedure for determining whether a nondiverse defendant was improperly joined. First, the court should focus on the complaint: 'Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.' However, where a complaint states a claim that satisfies 12(b)(6), but has 'misstated or omitted discrete facts that would determine the propriety of joinder ... the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.' The purpose of the inquiry is limited to identifying 'the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant.' Ultimately, the defendant bears the burden: 'the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery....' (internal citations omitted)." *Mumfrey*, 719 F.3d at 401.

Because the Court has concluded that the amount in controversy threshold has not been satisfied, the Court will omit this analysis. The Court does note, however, that Plaintiff's claims of breach of the insurance contract and violation of the duty of good faith and fair dealing against the adjustor fail as a matter of law. *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).    \

## CONCLUSION

Plaintiff's Motion for Remand (docket no. 5) is granted. Because Plaintiff pled her allegations in state court so confusingly both as to the amount in controversy and the causes of action asserted[2], neither costs nor attorney's fees are awarded. This action is hereby remanded to the County Court at Law No. 10 of Bexar County, Texas. The Clerk of this Court shall mail a certified copy of this Order to the County Clerk of Bexar County, Texas

It is so ORDERED.

SIGNED this 2nd day of June, 2016.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff states that it provided Defendants fair notice of the claims being asserted in the state court petition. This Court notes, however, that although numerous provisions of the Texas Insurance Code were mentioned in various paragraphs of the petition, those sections were not alleged in the portion of the petition titled causes of action.